**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-170 |
| | § | C.A. No. C-07-451 |
| GLEN THOMAS VAUGHN, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS*,
GRANTING MOTION FOR TRANSCRIPTS,
DENYING MOTION TO AMEND, ORDERING
RESPONDENT TO ANSWER AND ALLOWING MOVANT TO REPLY**

On November 23, 2007, the Clerk received Movant Glen Thomas Vaughn's ("Vaughn") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. At the same time, Vaughn filed two other motions: (1) a motion to proceed *in forma pauperis* (D.E. 59); and (2) a combined motion for a single transcript at government expense and motion to amend his § 2255 motion upon receipt of that transcript (D.E. 58). Those motions are addressed herein. Additionally, the Court has reviewed Vaughn's § 2255 motion and finds that summary dismissal is inappropriate. It therefore orders the government to respond to the § 2255 motion as set forth herein.

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

Vaughn's motion to proceed *in forma pauperis* is unnecessary. For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255

1

motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. For the reasons set forth above, Vaughn's motion for *in forma pauperis* status (D.E. 59) is DENIED AS MOOT.

To the extent Vaughn has submitted an *ifp* application in order to support his request for transcripts at government expense, his motion is addressed in the following section of this Order.

## II.   MOTION FOR TRANSCRIPTS AND MOTION TO AMEND

In his combined motion for transcripts and motion to amend, Vaughn requests that he be provided, at government expense, the transcript of a hearing in which his counsel waived Vaughn's right to a speedy trial. One of the claims in his § 2255 motion is that his counsel was ineffective for waiving his speedy trial rights. He contends that he cannot support his § 2255 claim without the transcript of the proceedings. (D.E. 58 at 2.) Vaughn also requests that he be granted leave "to amend his § 2255 motion with the requested transcripts upon receipt." (D.E. 58 at 1.)

An indigent defendant has a statutory right to free transcripts in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

As an initial matter, the Court concludes that Vaughn has established his indigency. His *in forma pauperis* affidavit reflects that he currently has $100.79 in his prison account, but his average monthly balance in the six months preceding his application was $56.23. His

affidavit states that he does not own any other valuable property, has no money other than his prison account, and no income other than pay earned from prison employment. Based on these figures, the Court finds that Vaughn is indigent and unable to afford the cost of transcripts.

Additionally, the Court concludes that Vaughn's request for the transcript of the hearing in which his speedy trial rights were waived is a sufficiently narrow request and that reference to that transcript is necessary to decide an issue pending in the suit, i.e., whether his counsel was constitutionally ineffective for waiving his speedy trial rights. Thus, the Court concludes that a copy of the transcript should be provided to Vaughn.

For the foregoing reasons, Vaughn's motion for a copy of the transcript of the Court's May 1, 2006 pretrial conference, in which Defendant requested and the Court granted a continuance of his case (see D.E. 23), is GRANTED. The Clerk is directed to obtain and file a copy of the transcript from the May 1, 2006 pretrial conference at the Court's expense, and to provide a copy to Vaughn at no charge to him.

As to Vaughn's motion for leave to amend, the Court finds that it is unnecessary for Vaughn to be given leave to amend at this time and thus his motion to amend is DENIED. If, after receipt and review of the transcript ordered above, Vaughn would like to provide additional detail in support of his claim, he may do so in his reply to the government's response. (See infra at Section III.)

### III.  BRIEFING ORDER

It is further ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address

the effect of Vaughn's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 29.) In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes Vaughn from bringing all of the grounds in his motion. <u>See generally</u> <u>United States v. White</u>, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

If there are claims in Vaughn's motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is also ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2006), Vaughn may file a reply not later than thirty days after service of the government's answer.

## **CONCLUSION**

For the reasons set forth above, Vaughn's motion to proceed *in forma pauperis* (D.E. 59) and his motion for leave to amend (D.E. 58), are DENIED. His motion for a transcript at government expense (D.E. 58), however, is GRANTED. The Clerk is directed to obtain

and file a copy of the transcript from the May 1, 2006 pretrial conference transcript at the Court's expense, and to provide a copy to Vaughn at no charge to him.

Additionally, the government is ordered to reply to Vaughn's § 2255 motion and Vaughn is permitted to reply, as set forth in Section III, supra.

ORDERED this 18th day of January, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE