IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-170 |
| | § | C.A. No. C-07-451 |
| GLEN THOMAS VAUGHN, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRANSCRIPTS AND DOCUMENTS**

On November 23, 2007, the Clerk received Movant Glen Thomas Vaughn's ("Vaughn") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 56.) Pursuant to the Court's January 18, 2008 Order, Vaughn was provided a copy of the transcript from the May 1, 2006 pretrial conference at government expense. (See D.E. 60.) As noted in that order, the Court found that Vaughn was indigent and that the transcript he requested was directly related to Vaughn's claim that his counsel was constitutionally ineffective for waiving Vaughn's speedy trial rights. (D.E. 60 at 2-3.)

On February 8, 2008, the Clerk received a motion from Vaughn titled as a "Request for Documentation." (D.E. 62.) In it, Vaughn claims that he was a victim of a major riot at FCI Big Spring on December 9, 2007, and that his "legal paperwork" was stolen at that time. (D.E. 62 at 1.) He seeks copies of the following documents and transcripts at government expense: (1) his § 2255 motion and all accompanying documentation; and (2)

1

transcripts of the June 5, 2006 "change of plea" hearing, and the November 9, 2006 and November 21 sentencing hearings. (Id.)

Although it is unusual for the Court to provide a copy of a document to the party who filed it, assuming Vaughn's allegations regarding his stolen paperwork to be true, the Court finds that Vaughn is entitled to a copy of his § 2255 motion. Accordingly, the Clerk is directed to provide a copy of Vaughn's § 2255 motion and supporting memorandum (D.E. 56, 57) to him, along with a copy of the docket sheet in his criminal case.

As noted in the Court's prior order, an indigent defendant has a statutory right to free transcripts if he establishes that they are necessary to decide an issue in a pending non-frivolous suit. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). Vaughn requests copies of his rearraignment and sentencing transcripts.

The Court believes that the rearraignment transcript may well be needed to decide Vaughn's motion. On this issue, the Court notes that Vaughn's plea agreement contains a waiver of his right to file a § 2255 in his plea agreement. (See D.E. 29.) Such waivers are generally enforceable, so long as they are knowing and voluntary. See United States v. White, 307 F.3d 336 (5th Cir. 2002)(waivers of § 2255 rights are generally enforceable; only ineffective assistance claims that challenge the validity of the waiver itself remain viable). In order for the Court to determine whether Vaughn's waiver was knowing and voluntary, the Court will review the rearraignment record to confirm that the effect and consequences of the waiver were discussed and that Vaughn understood them.

Accordingly, the Court concludes that Vaughn is also entitled to a copy of his rearraignment transcript.

As to Vaughn's requests for the sentencing transcripts, the Court finds that Vaughn has not shown that he is entitled to those transcripts. In particular, the listed grounds for relief in Vaughn's motion do not reference his sentencing. (<u>See generally</u> D.E. 56.) Thus, it does not appear that a review of the sentencing record will be needed to determine an issue in these proceedings.

## **CONCLUSION**

For the reasons set forth above, Vaughn's motion for documents is GRANTED IN PART and DENIED IN PART as set forth above. The Clerk is directed to mail to Vaughn a copy of the § 2255 motion and supporting memorandum (D.E. 56, 57), as well as a copy of the docket sheet in this case. The Clerk is further directed to obtain and file a copy of the transcript from Vaughn's June 5, 2006 rearraignment at the Court's expense, and to provide a copy to Vaughn at no charge to him. Vaughn's request for transcripts from his sentencing hearings is DENIED.

ORDERED this 23rd day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE