IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-170 |
| | § | C.A. No. C-07-451 |
| GLEN THOMAS VAUGHN, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
RESPONDENT'S MOTION FOR EXTENSION OF TIME
AND ORDER DENYING MOVANT'S MOTION TO RECONSIDER**

Pending before the Court are two motions related to Movant Glen Thomas Vaughn's ("Vaughn") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 56.)   Both motions are addressed herein.

**I.   Respondent's Motion for Extension**

In the first pending motion, the government seeks an extension of time to file its response. (D.E. 66.)  This motion is GRANTED.  The government is hereby ORDERED to file its response to Vaughn's § 2255 motion not later than April 23, 2008.  Vaughn may file a reply not later than thirty days after service of the government's response.

**II.   Movant's Motion to Reconsider**

The second pending motion was filed by Vaughn and is titled as a "Motion to Reconsider Request for Documentation."  (D.E. 65.)  In it, Vaughn complains that the Court's prior order granting in part and denying in part his motion for transcripts and documents (D.E. 64) erroneously stated that his § 2255 motion did not reference his

1

sentencing, and denied him copies of his sentencing transcripts on this basis. He argues that his § 2255 motion complains of errors by counsel at sentencing and thus contends that he should be given copies of the sentencing transcripts in his case.

Upon review of Vaughn's § 2255 motion and supporting memorandum, he is correct that his supporting memorandum makes a passing reference to errors of counsel at sentencing. (See D.E. 57 at 6.) His *motion* does not contain any grounds for relief, however, that allege ineffective assistance of counsel at sentencing. Even if the Court were to construe his statement in his supporting memorandum as a ground for relief, moreover, Vaughn still has not shown an entitlement to his sentencing transcript.

As noted in the Court's previous order, an indigent defendant has a statutory right to free transcripts if he establishes that they are necessary to decide an issue in a pending non-frivolous suit. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). In this case, Vaughn waived his right to file a § 2255 motion, and thus the rearraignment record will have to be reviewed in order to determine whether Vaughn knowingly and voluntarily waived that right. (See D.E. 64 (Court's prior order discussing applicable law on this point).). If his waiver is enforceable, it will bar any claim of ineffective assistance of counsel at sentencing. Accordingly, unless and until the waiver is shown to be invalid, reference to the sentencing transcript will likely be unnecessary to decide any issue in this case. Vaughn is therefore not entitled to a copy of his sentencing transcript at this time. See 28 U.S.C. § 753(f).

For the foregoing reasons, Vaughn's motion to reconsider is DENIED. Vaughn is not entitled to a copy of his sentencing transcript at government expense at this time.

### III. Conclusion

For the foregoing reasons, the government's motion for extension (D.E. 66) is GRANTED and Vaughn's motion to reconsider (D.E. 65) is DENIED.

ORDERED this 25th day of March, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE