**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-170 |
| | § | C.A. No. C-07-451 |
| GLEN THOMAS VAUGHN, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO POSTPONE BRIEFING SCHEDULE
AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the Court are two motions filed by Movant Glen Thomas Vaughn ("Vaughn") and received by the Clerk on April 11, 2008, both of which relate to his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 70, 71.) In the first, Vaughn asks that the Court "temporarily suspend" the briefing schedule on his § 2255 motion for some unspecified amount of time in order to allow him to "perfect" his § 2255 motion and to have counsel appointed. (D.E. 69.) He offers no additional explanation as to why he needs an extension of time. Vaughn's second motion seeks the appointment of counsel in his § 2255 proceedings. (D.E. 70.)

**I.     Motion for Extension**

As noted, in Vaughn's first motion, he requests a "suspension" of the briefing schedule, which the Court construes as a motion for extension of time for him to file his

1

reply. The government's response to Vaughn's § 2255 motion was filed on April 23, 2008. (D.E. 73, 74.) The Court has ordered that Vaughn may file a reply not later than thirty days after service of the government's response. (D.E. 67 at 1.) Vaughn has ample time left to prepare and file his reply and has not explained why he needs additional time. Accordingly, his motion for extension is DENIED.

## II.     Motion for Appointment of Counsel

Vaughn has also moved for the appointment of counsel. (D.E. 70.) There is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (2008) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").

At this time, there is no need for Vaughn to be represented by counsel. In the event that the Court orders an evidentiary hearing, or discovery warranting the appointment of

counsel is required, the Court will *sua sponte* appoint counsel to assist Vaughn. His motion for appointment of counsel (D.E. 70) is therefore DENIED WITHOUT PREJUDICE.

ORDERED this 29th day of April, 2008.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE