IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-170 |
| | § | C.A. No. C-07-451 |
| GLEN THOMAS VAUGHN, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE, AND ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Glen Thomas Vaughn's ("Vaughn") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 57, 58.)[1] The Court ordered the government to respond, and the government filed a combined response and motion to dismiss, or, in the alternative, for summary judgment on April 23, 2008. (D.E. 73, 74.) Vaughn has not filed a reply and his deadline for doing so has passed.

    Before the government filed its response and motion to dismiss, Vaughn had requested copies of various documents, as well as copies of his rearraignment and sentencing transcripts. (D.E. 62.) The Court ordered that certain of the documents be provided to him, as well as the rearraignment transcript, but denied his request for a free copy of the sentencing transcript. (D.E. 64.) Vaughn filed a motion for reconsideration of

---

[1] Docket entry references are to the criminal case, C-06-cr-170.

1

that denial, which the Court also denied. (D.E. 65, 67.) In so doing, it noted that if Vaughn's waiver was enforceable, it would bar any claim of ineffective assistance of counsel at sentencing. (D.E. 67 at 2.) Vaughn has appealed from the Court's denial of his motion to reconsider, and that appeal remains pending before the Fifth Circuit. (D.E. 76.)[2]

The Court has considered all of the submissions of the parties and the record in this case. As discussed in detail herein, Vaughn's motion and supporting memorandum are construed as asserting three claims. Of these, two are subject to dismissal because he waived his right to file those claims. His other claim, which arguably falls outside the scope of his waiver, fails on its merits. For these reasons, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Vaughn a Certificate of Appealability ("COA").

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

**A.     Summary of Offense**[3]

On September 22, 2005, a special agent with the Federal Bureau of Investigation logged onto LIMEWIRE in an undercover capacity and downloaded ten files, one of which

---

[2] The order Vaughn has appealed from is not a final, appealable order, and this Court has not stated that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," such that an application for interlocutory appeal would be proper. See 28 U.S.C. § 1292(b). Indeed, his appeal will likely be dismissed by the Fifth Circuit for lack of jurisdiction. Accordingly, this Court concludes that it retains jurisdiction to rule on Vaughn's § 2255 motion.

[3] Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 7 of the Presentence Investigation Report ("PSR").

was a movie, from an IP address. The files were later determined to be child pornography. The images were determined to have been posted by Vaughn from an IP address that was registered to Vaughn's brother-in-law. A search warrant was obtained for the residence which was occupied by Vaughn, his sister, her husband, and their six-month old child.

On November 7, 2005, a search warrant was served at the residence in Corpus Christi and written consent was given by Vaughn to search the residence and computers located therein. Vaughn was in the process of downloading child pornography onto his Dell laptop computer in his bedroom, located on his bed, when the agents executed the search warrant. The screen displayed 8 file names (6 referencing children) and the posting of 603 files available for sharing. Agents with the FBI interviewed Vaughn. He told them that he had acquired the computer in March 2005 and first downloaded child pornography in July 2005, which he had continued to do on an intermittent basis. Vaughn estimated he possessed approximately 500 images.

Vaughn was also presented with the images that the special agent had previously downloaded while acting undercover, and Vaughn acknowledged recognition of the images. He also indicated that there were several pieces of paper containing images under the printer in his room. Seven pages of thumbnail images were found, and Vaughn acknowledged recognition of them, as well.

The computers and computer equipment were located in his bedroom and seized. In all, 3,116 images and movies of child pornography were discovered. It was determined that Vaughn had also made the images available to others by placing them in peer-to-peer file-

sharing, meaning other persons who use the same or similar sharing programs were able to access those files without the direct intervention of Vaughn.

**B.      Criminal Proceedings**

On May 10, 2006, Vaughn was charged in a nine-count second superseding indictment with four counts of knowingly possessing child pornography and five counts of aiding and abetting persons known and unknown to the Grand Jurors, to knowingly receive and distribute child pornography. (D.E. 26.) On June 5, 2006, Vaughn pleaded guilty to Count 5 of the second superseding indictment, pursuant to a written plea agreement with the government. (D.E. 29; see minute entries dated June 5, 2006.)  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend a sentence at the lowest end of the applicable guideline range, to recommend that Vaughn receive maximum credit for acceptance of responsibility, and to move for the dismissal of the remaining counts at sentencing.  (D.E. 29 at ¶¶ 1-2.)

Additionally, the plea agreement included a waiver of Vaughn's right to appeal and to file a § 2255 motion:

> The defendant agrees to waive the right to appeal the defendant's conviction or sentence.  Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) un [sic] upward departure from the Sentencing Guidelines which had not been requested by the United States as set forth in 18 U.S.C. §3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally

4

>> attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 29 at ¶ 7 (emphasis in original).) The agreement was signed by both Vaughn and his counsel. (D.E. 29 at 5.)

During the rearraignment, the prosecutor outlined Vaughn's plea agreement, including a statement that he "has given up his rights to collaterally attack his sentence or conviction pursuant to Title 28, United States Code, Section 2255." (D.E. 68, Rearraignment Transcript ("R. Tr.") at 16.) After that summary was given, Vaughn testified that the plea agreement was his, that he had read it and discussed it with his attorney, that he understood it, and that he signed it. (R. Tr. at 17.)

The Court specifically questioned Vaughn under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> **THE COURT**: In addition, by this agreement you are surrendering your right to appeal any decision that I make on your sentence or any conviction that you receive in this court. You're also giving up your right to file any petition under Title 28 of the United States Code, Section 2255. That section of the code creates the right to contest or collaterally attack your conviction or your sentence after they have become final. But you are giving up the right to file such a 2255 petition, as well as your right to appeal the sentencing decision that I make, as well as your right to appeal your conviction. Do you understand?
>
> **THE DEFENDANT**: Yes, Your Honor.

5

>**THE COURT**: Do you want to give up your rights as I have described them to you?
>
>**THE DEFENDANT**: Yes, Your Honor.
>
>**THE COURT**: Do you want to give up your rights to appeal?
>
>**THE DEFENDANT**: Yes.
>
>**THE COURT:** You want to do that?  Do you want to give up your right to file your 2255 petition?
>
>**THE DEFENDANT**: Yes, Your Honor.

(R. Tr. at 19-20.)

Vaughn also testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency, that it was his decision to plead guilty and that he was pleading guilty because he was guilty. (R. Tr. at 14-15.) It is clear from the foregoing that Vaughn's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report. (D.E. 30.) The PSR calculated Vaughn's base offense level for the offense at 22, but then added 15 additional levels based on various specific offense characteristics. (PSR at ¶¶ 12-17.) With those additions and a three-level reduction for acceptance of responsibility, the total offense level was determined to be 34. (PSR at ¶¶ 21-25.) Coupled with Vaughn's criminal history category of I, Vaughn's advisory guideline range was 151 to 188 months. (PSR at ¶ 42.)

On November 21, 2006, the Court sentenced Vaughn to 151 months in the custody of the Bureau of Prisons,[4] to be followed by a supervised release term lasting his lifetime, and also imposed a $100 special assessment. (D.E. 48, 52.) Judgment was entered against him on November 29, 2006. (D.E. 52.) Consistent with his waiver of appellate rights, Vaughn did not appeal. Vaughn's § 2255 motion was received by the Clerk on November 23, 2007. (D.E. 56.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Vaughn lists three grounds for relief (but two are related and considered as one claim), and his supporting memorandum contains an additional ground. In his first ground, he argues that he was "impermissibly induced to enter into his plea agreement which waived his constitutional right to appeal." (D.E. 56 at 5.) The only detail he offers in support of this claim is an allegation that he only agreed to waive his right to appeal because his appointed counsel told him if he were ever to appeal he could receive a higher sentence.

Vaughn's third listed ground is intertwined with his first and will be treated as part of his first claim. Specifically, Vaughn argues that his counsel was constitutionally ineffective because he advised Vaughn to accept a plea agreement that contained the waiver

---

[4] The minutes (and the government's response, in apparent reliance on the minutes) indicates that Vaughn received a 97-month sentence. (See D.E. 48; D.E. 73 at 2 (citing D.E. 48).) The Court has reviewed the recording of the sentencing proceeding, however, and the sentence pronounced was 151 months. (Digital Recording of 11/21/2006 Sentencing at 11:40 (adopting the PSR as written) and at 11:43 (imposing the bottom end of the guideline range as the sentence of imprisonment).) The 151-month sentence is reflected on the written judgment entered in this case, and also consistent with Vaughn's description of his own sentence. (See D.E. 52; see also D.E. 57 at 3.)

7

of his right to appeal. He claims that "[i]t is against common practices of law that a counsel would advise his client to **ever waive** his constitutional right to appeal." (D.E. 56 at 5 (emphasis in original).)

In his second ground for relief, Vaughn alleges that his conviction was obtained in violation of the Speedy Trial Act, and that counsel was ineffective for not objecting to the violation.[5]

Vaughn's supporting memorandum asserts yet another claim, which the Court construes as his third ground for relief. Specifically, Vaughn lists several deficiencies of counsel, including that he failed to contact unidentified "character witnesses, that he failed to "fully explore" plea possibilities, and that he "failed to object to upward departures imposed by the District Court." (D.E. 57 at 6.)

Vaughn requests that the Court dismiss his indictment as a result of the alleged speedy trial violations, and asks that the Court vacate his plea agreement and appoint him new counsel to represent him during appeal. (D.E. 57 at 7.)

In its response, the government moves for summary dismissal of Vaughn's entire motion on the basis of his waiver of § 2255 rights. (D.E. 73.) It also argues that all of the grounds advanced by Vaughn are subject to dismissal because they are "patently frivolous." (D.E. 73 at 9.) The government has also provided the affidavit of Assistant Federal Public

---

[5] Although the Court does not reach the merits of this claim, it is worth noting that Vaughn in fact indicated he was in agreement with the request to continue his trial, which continuance was requested to fix an error in the indictment. (D.E. 61, Transcript of May 1, 2006 Call for Rearraignment at 7; see also D.E. 73, Libby Aff. at ¶ 11.)

8

Defender Jason Libby, who was Vaughn's counsel in the underlying criminal proceedings. Libby denies the factual basis for Vaughn's claims and also explains why he does not believe he was ineffective. (See Exhibit A to D.E. 73, Affidavit of Jason Libby.)

For the reasons set forth herein, Vaughn's claims fail.

## IV. DISCUSSION

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Vaughn has procedurally defaulted his claims by failing to raise them on appeal. Rather, the Court concludes that he validly waived his second and third claims, i.e., his claims that: (1) the Court violated his speedy trial rights and related claim that his counsel was ineffective for failing to object; and (2) his vague and conclusory claims of ineffective assistance of counsel, mostly pertaining to sentencing.

9

These claims fall squarely within the scope of his waiver. Thus, the Court does not reach the merits of those claims. See infra Section IV.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

His first claim, however, relates to his decision to plead guilty. Thus, it arguably challenges the validity of his plea and his waiver and falls outside the scope of his § 2255 waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.     Alleged Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead

v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Vaughn argues that his attorney was deficient during the plea process for advising him to enter into a plea agreement that contained a waiver of his right to appeal. As an initial matter, the Court notes that it is not automatically ineffective assistance of counsel, as Vaughn suggests, for an attorney to advise his client to enter into an agreement waiving his right to appeal. In fact, the Fifth Circuit has repeatedly recognized that the right to appeal is a statutory one, not a constitutional one, and may be validly waived.[6] See, e.g., United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002) ("The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement.").

In any event, the Court need not determine whether Libby was deficient because Vaughn cannot establish the prejudice prong of his ineffective assistance claim. In order to show that he suffered prejudice as a result of ineffective assistance of counsel during the

---

[6] It is also worth noting that Vaughn's counsel has denied these allegations. In his affidavit, Libby flatly denies that he attempted to improperly induce Vaughn to sign the plea agreement or waive his right to appeal. He further avers that the decision to accept the plea agreement was made by Vaughn after full consultation. As to Vaughn's allegation that Libby told him he should waive his right to appeal because if he appealed he could receive a higher sentence, Libby explains that as part of a discussion he had with Vaughn *after sentencing,* Vaughn was given a form that explained that, because his plea agreement waived his right to appeal, if he chose to appeal, the government could claim that he breached his plea agreement which could result in his receiving a higher sentence. (D.E. 73, Libby Aff. at ¶ 10.) The Court need not resolve this conflict between Libby's testimony and Vaughn's allegations because it resolves Vaughn's motion on different grounds.

11

plea process, Vaughn would have to show that, absent his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This is a showing that cannot be met here. The rearraignment transcript clearly establishes that Vaughn's decision to plead guilty was his own and that it was entirely voluntary.

At his rearraignment, Vaughn testified that he had had enough time to discuss his case with his attorney and that he was satisfied with his services. (R. Tr. at 5.) He further testified that counsel was following his instructions. (R. Tr. at 5.) The Court informed Vaughn of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 5-20.)

Consistent with Rule 11, Fed. R. Crim. P., the Court explained to Vaughn that he faced a minimum sentence of at least five years, a maximum punishment of twenty years in prison, and a maximum fine of $ 250,000. (R. Tr. at 13-14.) The Court also informed him that there was a mandatory $100 special assessment, a minimum supervised release term of two years and that supervised release could last the rest of his life. (R. Tr. at 13-14, 17-18, 31-33.) Vaughn testified that he understood. (R. Tr. at 14.)

Vaughn further testified that no one had threatened him or forced him to plead guilty, no one had promised him leniency, and that his decision to plead guilty was entirely

voluntary. (R. Tr. at 14-15.) He testified that he was pleading guilty because he was, in fact, guilty. (R. Tr. at 15.)

Vaughn's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Vaughn's sworn statements show that he understood the charges against him, he understood the possible maximum sentence he faced, he understood he was waiving his appellate rights, and that his guilty plea was voluntary.

Moreover, it is worth noting that the evidence against Vaughn was overwhelming. Indeed, at the time the search warrant was executed, he was in the process of downloading child pornography. There were numerous images and movie clips on his computer, and he frankly and quickly admitted that he knowingly possessed them. He also assisted agents in locating certain images. If he had gone to trial and been found guilty, he likely would have received an even higher sentence, because he would not have received a reduction for acceptance of responsibility. Given this, and the facts of the case, he made a logical decision to plead guilty.

In short, Vaughn cannot establish that he would have proceeded to trial absent the alleged deficiencies of counsel. Thus, this claim fails.

Because the Court concludes that Vaughn's sole challenge to the validity of his plea agreement fails, the Court finds that his plea agreement and his waiver of § 2255 rights

contained therein are valid and enforceable. Accordingly, the Court turns to the effect of his waiver of § 2255 rights on his remaining claims.

### C.    Waiver of § 2255 Rights

It is clear from the rearraignment that Vaughn understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 19-20.) See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Again, Vaughn's statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84.  Those statements support the Court's conclusion that his waiver was knowing and voluntary.  Vaughn's remaining claims are that he received ineffective assistance of counsel after the plea or that his counsel was ineffective for failing to object to an alleged violation of his speedy trial rights. These claims fall squarely within the scope of his waiver.  Therefore, they are not properly before the Court.  For these reasons, Vaughn's § 2255 motion is DENIED in its entirety.

### D.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Vaughn has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA

because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

15

Based on the above standards, the Court concludes that Vaughn is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claim challenging his plea and waiver. Similarly, jurists of reason would not find it debatable that his valid and knowing waiver precludes consideration of the remainder of his claims.

## V. CONCLUSION

For the above-stated reasons, Vaughn's motion under 28 U.S.C. § 2255 (D.E. 57) is DISMISSED WITH PREJUDICE. The Court also DENIES Vaughn a Certificate of Appealability.

ORDERED this 31st day of July, 2008.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE